1522

Melba J. BURRELL, Plaintiff,

v.

The BOARD OF TRUSTEES OF GEOR-
GIA MILITARY COLLEGE, et
al., Defendants.

Civ. No. 88–169–1–MAC(DF).

United States District Court,
M.D. Georgia,
Macon Division.

Sept. 28, 1988.

Christopher Coates, Milledgeville, Ga., for plaintiff.

D. James Jordan and Charles Mathis, Lee Dickins, Milledgeville, Ga., Carr G. Dodson, Macon, Ga., for defendants.

FITZPATRICK, District Judge.

Plaintiff Burrell has filed this action under 42 U.S.C. §§ 1983 and 1985(3), alleging that Defendants were involved in a conspiracy that interfered with her first amendment right to freely express her views on matters of public concern. Defendants have filed motions to dismiss in which they raise several arguments to support their position that Plaintiff Burrell has not stated a valid cause of action under section 1983 or section 1985(3). In addition to Defendants' motions to dismiss, Plaintiff has filed a motion to amend her Complaint in which she seeks to add First Federal Savings and Loan Association of Milledgeville as a party-defendant and a claim of sex discrimination under Title VII.

The court entertained oral argument on the motions to dismiss on September 21, 1988. After carefully considering the arguments of the parties, the pleadings in the record, and the relevant case law in this area, the court finds that Defendants' motions to dismiss should be denied, and Plaintiff's motion to amend should be granted. Although Defendants raise several arguments in their motions to dismiss, the court finds it necessary to discuss only one of these arguments in this Order, i.e., whether Defendants were acting under color of state law in connection with the alleged conspiracy to violate Plaintiff Burrell's first amendment rights.[1]

## I. BACKGROUND

Plaintiff Burrell, a white female, was hired by First Federal Savings and Loan Association of Milledgeville in 1972. She became an officer in 1977 and a member of the Board of Directors in 1986. On January 9, 1987, Burrell took over as the tempo-

rary CEO at First Federal. She served in that position until Defendant Baggarly was hired as the permanent CEO in July of 1987.

Defendants contend that after Baggarly took over as CEO, Burrell began to question his authority and cause significant disruption at First Federal. According to Defendants, Burrell's behavior became such a problem that Baggarly was forced to bring the matter up before the Board of Directors. The Board held a hearing in an effort to resolve the differences between Burrell and Baggarly. After listening to both parties, the Board adopted a proposal giving their full support to Baggarly. At that point, Baggarly asked for Burrell's resignation. She refused and Baggarly discharged her from her position as an officer at First Federal. Burrell continued in her position as a Board Member, although she later resigned that position accepting approximately $13,000.00 as compensation for her resignation.

Although Defendants contend that Burrell was terminated because of her insubordination, Burrell contends that she was terminated because she and her husband expressed their opposition to public funding of the Georgia Military College (GMC) Preparatory School, a School which they claim continues to operate as a racially segregated institution. Burrell alleges in her Complaint that the members of the GMC Board of Trustees conspired with the officers and Board Members of First Federal to bring about her termination. Burrell argues that this conspiracy, which involved both private parties and state actors, violated her right to freedom of expression.

## II. DISCUSSION

### A. Motions to Dismiss

A district court should not grant a Rule 12(b)(6) motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

---

1. Plaintiff's brief in opposition to the motions to dismiss sets forth a successful rebuttal of Defendants' other arguments. Because Defendants' state action argument is somewhat more complicated, however, the court will fully discuss its findings on the state action argument in this Order.

which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). For purposes of a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff, and the allegations in the complaint must be taken as true. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969).

Defendants argue that First Federal is a private party and was not acting under color of state law in connection with Burrell's termination. Defendants further argue that under Georgia law they had the right to fire Burrell for any reason, even if that reason involved Burrell's speaking out against public funding of the GMC Preparatory School. Defendants contend that their right to terminate Burrell was a private right that involved no state action.

Conversely, Burrell argues that she has stated a valid cause of action under section 1983 and section 1985(3) because First Federal was acting in concert with a state actor, *i.e.,* the Board of Trustees of GMC. She contends that First Federal's actions constituted state action since First Federal was involved in a conspiracy with a state actor.

■ The court will address first the argument that First Federal was acting only as a private party in the termination decision. In *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), the Supreme Court held that a private party can be found liable under section 1983 if that party has conspired with a state official to violate the constitutional rights of another individual. The Court stated in pertinent part:

> a private party involved in such a conspiracy, even though not an official of the State, can be liable under § 1983. *'Private persons, jointly engaged with state officials in the prohibited action, are acting "under color" of law for purposes of the statute.'*

*Id.* at 152, 90 S.Ct. 1605–06, *quoting United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966). In 1980 the Court reaffirmed the ruling it had set forth in *Adickes.* In *Dennis v. Sparks,*

449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), the Court stated:

> to act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents.

*Id.* at 27, 101 S.Ct. at 186.

In her Complaint Burrell has alleged that the GMC Board of Trustees conspired with the officers and Board Members of First Federal to have her terminated because of her public opposition to funding of the GMC School. The court finds that the allegations in the Complaint are sufficient to withstand Defendants' motions to dismiss. The court's finding is in accord with a recent decision of the Eleventh Circuit which noted that "[i]f . . . there is an allegation of a conspiracy between a state officer and a private party, the jurisdictional state action requirement may be met." *Cobb v. Georgia Power Co.,* 757 F.2d 1248, 1251 (11th Cir.1985).

■ The court is also unpersuaded by Defendants' argument that no state action was involved in the termination decision since First Federal, acting as a private employer, had the absolute right to terminate Burrell, even if the termination was motivated by Burrell's statements criticizing the public funding of the School. Simply stated, the crux of this argument is that one party cannot conspire with a second party to do something the second party had a legal right to do.

The federal precedent binding upon this court, however, does not support Defendants' argument under the facts present in this case. Defendants are correct in asserting that a purely private decision to interfere with one's freedom of expression is not actionable under section 1983 or section 1985(3). *See Carlin Communication, Inc. v. Southern Bell Tel. and Tel. Co.,* 802 F.2d 1352, 1357 (11th Cir.1986). If, however, a state actor is involved in the alleged conspiracy to violate first amendment rights, then the claim becomes actionable under sections 1983 and 1985(3). *Id.*

Indeed, the Supreme Court has held that a conspiracy to violate first amendment rights is actionable under section 1985(3) if a state actor is involved with a private party in the conspiracy. *United Bhd. of Carpenters & Joiners of America v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983). As stated by the Court:

> The rights, privileges, and immunities that § 1985(3) vindicates must be found elsewhere, and here the right claimed to have been infringed has its source in the First Amendment. Because that Amendment restrains only official conduct, to make out their § 1985(3) case, it was necessary for respondents to prove that the State was somehow involved in or affected by the conspiracy.

*Id.* at 833, 103 S.Ct. at 3358–59. Because Burrell has alleged that the GMC Board of Trustees was involved in the conspiracy to violate her first amendment rights, Defendants motions to dismiss must be denied.

Although the court finds that Burrell has survived the motions to dismiss, the court may consider entertaining a summary judgment motion following discovery. On a motion for summary judgment, the non-movant must be able "to make a showing sufficient to establish the existence" of the essential elements of the non-movant's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 321–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). If Defendants choose later to file a motion for summary judgment, Burrell may have to come forth with sufficient evidence to establish at least a factual question as to whether the GMC Board Members were involved with officials from First Federal in the alleged conspiracy to violate her first amendment rights.

B. *Motion to Amend*

▆ Plaintiff Burrell wishes to add First Federal as a party-defendant and a claim of sex discrimination under Title VII. Burrell states in her motion that she could not sue First Federal or state a claim under Title VII until she had received a right-to-sue letter from the Equal Employment Opportunity Commission. Burrell did not receive her right-to-sue letter until after she had filed her first Complaint.

The court agrees with Plaintiff Burrell that First Federal should be a party to this suit. The court also agrees that Burrell has sufficiently alleged a sex discrimination claim in her amended Complaint, and therefore, she will be allowed to pursue her Title VII claims in this suit.

For the reasons stated above, the court hereby DENIES Defendants' motions to dismiss and hereby GRANTS Plaintiff's motion to amend her Complaint.